14
v. 3/99)

# CIVIL COVER SHEET

JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required aw, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the he Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED

| ) PLAINTIFFS | DEFENDANTS |
|---|---|
| saac Hilario Gonzalez Ruiz | Cameron County, Texas<br><br>**B-01-077**<br><br>MAY 0 9 2001<br><br>Michael N. Milby<br>Clerk of Court |

| ) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cameron |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED. |

| c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| .C. Nelson<br>3505 Boca Chica Blvd., Ste 434<br>Brownsville, TX 78521 | Richard O. Burst<br>Dylbia L. Jefferies |

## BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 10 Insurance<br>20 Marine<br>30 Miller Act<br>40 Negotiable Instrument<br>50 Recovery of Overpayment & Enforcement of Judgment<br>51 Medicare Act<br>52 Recovery of Defaulted Student Loans (Excl. Veterans)<br>53 Recovery of Overpayment of Veteran's Benefits<br>60 Stockholders' Suits<br>90 Other Contract<br>95 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>10 Land Condemnation<br>20 Foreclosure<br>30 Rent Lease & Ejectment<br>40 Torts to Land<br>45 Tort Product Liability<br>90 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

Appeal to District Judge from Magistrate Judgment

- Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## . CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a civil action in which the Plaintiff alleges that Defendant violated Plaintiff's rights pursuant to 42 U.S.C. §1983. Plaintiff's case is based on allegations that the employees of Cameron County retaliated against Plaintiff for exercising his right of free speech in demanding adequate medical care. Further, Plaintiff alleges that his constitutional rights was violated under the eighth amendment because he should have been free from unusual and cruel punishment while in the Cameron County Jail.

| I. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

## III. RELATED CASE(S) IF ANY (See instructions):

| JUDGE | DOCKET NUMBER |
|---|---|
| | |

ATE   5/9/01

SIGNATURE OF ATTORNEY OF RECORD

R OFFICE USE ONLY

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAAC HILARIO GONZALEZ    §
RUIZ                      §
                          §
vs.                       §        Civil Action Number B-01-**77 1
                          §
CAMERON COUNTY, TEXAS     §

## PETITION FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Cameron County, Defendant in the above-styled and numbered cause and file this its Petition for Removal of the present cause of action from the 197th Judicial District Court, Cameron County, Texas, in which it is now pending to the United States District Court for the Southern District of Texas, Brownsville Division, showing unto the Court as follows:

I.

This cause was commenced in the 197th Judicial District Court, Cameron County, Texas, on April 26, 2001, when Plaintiff's Original Petition was filed. Plaintiff's Original Petition set forth federal causes of action. True and correct copies of all process and pleadings in this cause are attached hereto as Exhibit "A".

Plaintiff alleged federal causes of action pursuant to 42 U.S.C. §1983 claiming violations under the first and eighth amendments of the United States Constitution. The Original Petition was served on Defendant Cameron County on April 30, 2001, which first stated federal causes of action. Therefore, this Petition for Removal is timely filed.

1

II.

This is a civil action in which the Plaintiff alleges that Defendant violated Plaintiff's rights pursuant to 42 U.S.C. §1983. Plaintiff's case is based on allegations that the employees of Cameron County retaliated against Plaintiff for exercising his right of free speech in demanding adequate medical care. Further, Plaintiff alleges that his constitutional rights was violated under the eighth amendment because he should have been free from unusual and cruel punishment while in the Cameron County Jail. These claims by Plaintiff could have been filed in this Federal Court pursuant to 28 U.S.C. Sections 1331 and 1343. Therefore, this Court has jurisdiction over this removal action pursuant to 28 U.S.C., Section 1441(b) since this is a civil action of which the Federal District Courts have original jurisdiction founded on the claim arising out of the Constitution, or laws of the United States and 42 U.S.C. Section 1983.

III.

Defendant Cameron County, hereby represents to this Court that the Cameron County District Clerk and all parties and their counsel are receiving notice and copies of all the pleadings associated with Defendant's Petition for Removal.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above-entitled cause from the 197th District Court of Cameron County, Texas to this Court.

Signed the 9th day of May, 2001.

Respectfully submitted,
CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 956/550-1345

2

Facsimile: 956/550-1348

BY: _____

Richard O. Burst
Attorney of Record
Texas State Bar #00785586
S.D.# 15515

Dylbia L. Jefferies Vega
Of Counsel
Texas State Bar #00786516
S.D.# 17065

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a copy of the foregoing was mailed via certified mail, return receipt requested to A.C. Nelson, 3505 Boca Chica Blvd., Suite 434, Brownsville, Texas 78521.

_____
Richard O. Burst

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAAC HILARIO GONZALEZ    §
RUIZ    §
   §
vs.    §       Civil Action Number_____
   §
CAMERON COUNTY, TEXAS    §

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF PETITION FOR REMOVAL

TO:    Honorable Aurora de la Garza, District Clerk
      P.O. Box 3570
      Cameron County Courthouse
      Brownsville, Texas 78520

You will please take notice that Cameron County has filed in the United States District Court

for the Southern District of Texas, Brownsville Division, a Petition for Removal of the cause styled

Isaac Hilario Gonzalez Ruiz vs. Cameron County, Texas, originally filed in the 197th Judicial

District Court of Cameron County, Texas, Cause Number 2001-04-002034-C, and that a true and

correct copy of said Petition for Removal is being filed with the Clerk of the 197th Judicial District

Court, to thereby effect a removal to said United States District Court for the Southern District of

Texas, Brownsville Division, and that the State Court shall proceed no further, unless the cause is

remanded. Copies of said Petition for Removal are attached to this notice.

Witness signature of Defendant through its attorney of record, on this the 9th day of May,

2001.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street

Brownsville, Texas  78520
Telephone: 956/550-1345
Facsimile: 956/550-1348

BY:

Richard O. Burst
Attorney of Record
Texas State Bar #00785586
S.D.# 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D.# 17065

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a copy of the foregoing was mailed via certified mail, return receipt requested to A.C. Nelson, 3505 Boca Chica Blvd., Suite 434, Brownsville, Texas 78521.

Richard O. Burst



# COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC HILARIO GONZALEZ RUIZ | § | **CIVIL ACTION** |
| | § | |
| | § | |
| vs. | § | Civil Action Number **B - 01 - 077** |
| | § | |
| CAMERON COUNTY, TEXAS | § | |

### NOTICE TO THE PLAINTIFF OF FILING OF
### PETITION FOR REMOVAL

TO:   Isaac Hilario Gonzalez Ruiz, Plaintiff by and through his attorney of record:

A.C. Nelson
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521

Pursuant to Title 28 U.S.C., Section 1446(b), as amended, you are notified that on the 9th day of May, 2001, in the above entitled and numbered cause (being Cause Number 2001-04-002034-C in the 197th State Judicial District Court of Cameron County, Texas) DEFENDANT CAMERON COUNTY filed its verified Petition for Removal in the United States District Court for the Southern District of Texas, Brownsville Division.  Copies of such Petition and other papers so filed are enclosed herewith.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas  78520
Telephone: 956/550-1345
Facsimile: 956/550-1348

BY: _____
       Richard O. Burst
       Attorney of Record
       Texas State Bar #00785586
       S.D.# 15515

       Dylbia L. Jefferies
       Of Counsel
       Texas State Bar #00786516
       S.D.# 17065

## CERTIFICATE OF SERVICE

    I hereby certify that on May 9, 2001, a copy of the foregoing was mailed via certified mail, return receipt requested to A.C. Nelson, 3505 Boca Chica Blvd., Suite 434, Brownsville, Texas 78521.

                    _____
                    Richard O. Burst

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAAC HILARIO GONZALEZ      §
RUIZ                        §
                            §
vs.                         §      Civil Action Number B-01- *77
                            §
CAMERON COUNTY, TEXAS       §

INDEX OF EXHIBITS

1.    Plaintiff's Original Petition and Citations.

2.    Docket Sheet.

3.    List of Attorneys.

**COPY**

CAUSE NO: _200⊢04-00 2034-C_

| | | |
|---|---|---|
| ISAAC HILARIO GONZALEZ RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| CAMERON COUNTY, TEXAS | § | _19 7th_ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION

FILED _4/70_ O'CLOCK ___ϼ__ M
AURORA DE LA GARZA DIST. CLERK

APR 2 6 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
_Josy Means_ DEPUTY

---

TO THE HONORABLE COURT:

ISAAC HILARIO GONZALEZ RUIZ, Plaintiff in this action, complains of CAMERON

COUNTY, TEXAS, Defendant in this action, and for cause of action shows the following:

1.      Plaintiff is an individual, residing in State of Texas. Defendant is a Texas County and is

properly named and situated in Cameron County, Texas.  Defendant may be served with process by

serving the Honorable Gilberto Hinojosa, County Judge, at 855 E. Harrison Street, Brownsville,

Cameron County, Texas.

2.      Venue is proper in this court because the occurrence sued on occurred, at least in part, in this

County.

3.      Plaintiffs allege that discovery herein is intended to be conducted under Level 2 of Rule 190

of the Texas Rules of Civil Procedure.

4.      At all times material, all of the agents, servants, and employees of the defendant who were

in any way connected with the occurrence were acting under color of law and within the course and

scope of their employment or official duties and in furtherance of the duties of their office or

employment.

WP60\GONZALEZ HILARIO\ORIPETITION                    1

5.     Prior to the filing of this lawsuit, and within six months from the date of the occurrence described in this petition, Plaintiff presented notice of his claim to Cameron County, Texas and all prerequisites required by law have been met prior to filing suit.  In the alternative, the Defendant has had actual notice of Plaintiff's claim.

6.     Defendant, Cameron County, Texas may be held to answer in a court of law through the occurrence described herein.

7.     Plaintiff realleges the allegations contained in paragraphs 1 through 6.

a)     Plaintiff was being detained at the Cameron County Jail Detention Center, arrested by the Border Patrol for illegal reentry.  On May 24, 1999, Plaintiff complained to the guard that he had problems with his tonsils and was supposed to take medication. The security guard came by and yelled out the Plaintiff's name but Plaintiff was asleep.  A jail guard told him that the next time they called out his name more than once and he did not respond, that he would be punished.  The Plaintiff was put in a cell with other prisoners.  Two or more of the prisoners assaulted him and violently beat him up hitting him up against the walls and floors of the Cameron County Jail.  Plaintiff was laying on the ground injured.  He was not medically evaluated or reported for medical evaluation.  Rather than being sent to the infirmary, he was dragged into a room where he was left on the concrete floor for twelve (12) hours without medical attention.

b)     Plaintiff received no medical attention for twelve (12) hours.  He was then was taken to Brownsville Medical Center and was hospitalized form May 25, 1999 through June 2, 1999.  As a result of the lack of supervision of the other prisoners, and/or lack of proper training, and/or supervision of the jail guards, and/or negligent implementation of policy, Plaintiff received three cracked ribs, dislocated and broken bones, injury to his neck and cervical disks, injury to his lower

back, he had a punctured lung that was pierced by one of the ribs along with the injury to his back

did not allow him to walk normally.  As a result of not being medically evaluated immediately after

he was injured, and/or not being sent to the infirmary after the incident, and/or being placed in a room

that was defective within Cameron County Jail, after he received his injuries, and/or the lack of

supervision of all prisoners after the incident whereby his injuries could have been discovered by other

guards, and/or the negligent implementation of policy after he received the injuries, Plaintiff's injuries

were exacerbated and made worse by the lack of immediate medical evaluation and medical attention

for an extended period of time while he laid on the concrete floor prior to being taken to Brownsville

Medical Center.

8.      Plaintiff realleges the allegations contained in paragraphs 1 to 7.

        Defendant, Cameron County, Texas is liable to the Plaintiff in that, after being beaten, the

Plaintiff was dragged into a room under the ownership and care and supervision of Cameron County,

Texas and that said room was defective in that:

> The room did not have video surveillance mechanism in place wherein the County
> could be assured of the safety and welfare of its prisoners.

> The room did not have the proper auditory security devices to insure that anyone
> being violently assaulted or mooning or groaning, could be responded to quickly for
> their safety and proper medical attention.

> The room did not have the windows placed in such a way that you could see anyone
> hiding or lying on the floor and in dire need of medical attention.

9.      Plaintiff realleges the allegations contained in paragraphs 1 through 8.

        In the alternative, the assailants of the Plaintiff were acting under the negligent direction of

a jail guard and excessively disciplined the Plaintiff by directing excessive force used on the Plaintiff

in a Malicious and Sadist manner herein in violation of his constitutional rights, including the right

WP60\GONZALEZ.HILARIO\ORIPETITION                    3

of being free from unusual and cruel punishment, under the Eighth Amendment of the United States Constitution in violation of State Law and 42 USC § 1983.

10.    Plaintiff realleges the allegations contained in paragraphs 1 through 9.

In the alternative, Cameron County, Texas was negligent in the hiring, training and supervision of the jail guards during the time in question, to the damage of the Plaintiff.

11.    Plaintiff realleges the allegations contained in paragraphs 1 through 10.

Cameron County, Texas is further liable to the Plaintiff under 42 USC §1983 in that Cameron County, Texas by and through its employees and agents, retaliated against the inmate for exercising his right of free speech in demanding adequate medical care.

12.    Plaintiff realleges the allegations contained in paragraphs 1 through 11.

In the alternative, Cameron County, Texas is liable to the Plaintiff under 42 USC § 1983 for not providing adequate medical care.

13.    Plaintiff realleges the allegations contained in paragraphs 1 through 12.

This claim arises from the use of tangible personal property by Defendant Cameron County, Texas so that sovereign immunity is waived under the Texas Tort Claims Act.

14.    Plaintiff realleges the allegations contained in paragraphs 1 through 13.

The occurrence described in this petition is a direct and proximate result of the negligence of CAMERON COUNTY, TEXAS of the Cameron County Sheriff's Office, a law enforcement agency of Cameron County, Texas, and its agents, servants, and officers in the following particulars:

a.    In the negligent application of disciplinary rules.

b.    In the negligent use of other prisoners for disciplinary purposes.

c.    In negligently implementing prisoners discipline policy.

d.  By negligently not checking up on the prisoners.

e.  In negligently and improperly using security devises and/or cells or rooms.

f.  In providing negligent medical treatment of the Plaintiff by:

1.  not evaluating his medical condition when he first complained to the jail guards and prior to his being beaten up;

2.  in negligently not evaluating his medical condition after he was beaten up;

3.  in negligently providing inadequate medical treatment by dragging him and leaving him on a concrete floor for an extended period of time;

4.  in negligently not placing him on the list of prisoners who needed special medical attention, both before and after he was beaten up; and

5.  in negligently implementing the policy on medical treatment of prisoners;

15.  Plaintiff realleges the allegations contained in paragraphs 1 through 14.

As the direct and proximate result of negligence of the defendant, plaintiff has suffered severe, painful, and permanent injuries. Plaintiff has undergone surgery, and has incurred substantial, reasonable, and necessary doctor, hospital, and medical expenses, and in reasonable medical probability will incur substantial doctor, hospital, and medical expenses in the future. Plaintiff has suffered severe physical impairment and loss of earning capacity, and will continue to do so in the future. Plaintiff has sustained mental pain and anguish in the past and will continue to suffer in this respect for the balance of his life. Plaintiff has been damaged in all these respects far in excess of the minimum jurisdictional limits of the court.

16.  Cameron County, Texas by and through its employees, agents, servants and officers had actual, subjective awareness of the damages suffered by the Plaintiff, but none-the-less, proceeded

in conscious indifference to his rights, safety and general welfare and for the same reason is responsible in the definition of gross negligence and punitive damages should be awarded to Plaintiff.

17.     Plaintiff has incurred and requests reasonable attorney's fees, expenses and costs pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have:

1.     Judgment against Defendant for the actual, special and punitive damages suffered by Plaintiff as a result of Defendant's conduct, in an amount within the jurisdictional limits of the court;

2.     Costs of suit;

3.     Prejudgment and postjudgment interest as provided by law;

4.     Judgment awarding Plaintiff reasonable attorney's fees, expenses and costs; and

5.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

A. C. Nelson
State Bar No.: 14885600
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521
(956) 541-3601
(956) 541-1488   [Fax]

Mr. Ignacio Torteya, III
State No.: 00795685
700 E. Washington
Brownsville, TX 78520
(956) 550-8373
(956) 550-8353 [Fax]

CAUSE NO: 2001-04-2034-C

| | | |
|---|---|---|
| ISAAC HILARIO GONZALEZ RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| CAMERON COUNTY, TEXAS | § | 197th JUDICIAL DISTRICT |

FILED ___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLER

## PLAINTIFF'S REQUEST FOR DISCLOSURE AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

APR 2 6 2001

Pursuant to Rule 194 and Rule 196 of the Texas Rules of Civil Procedure, you are requested to disclose and produce, within 50 days of service of this request, the information or material as set forth below in Exhibit A. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. All documents produced should be produced at the undersigned attorney's office between 9:00 a.m. to 4:00 p.m. on or before June 22, 2001. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

A. C. Nelson
State Bar No.: 14885600
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521
(956) 541-3601
(956) 541-1488   [Fax]

Mr. Ignacio Torteya, III
State No.: 00795685
700 E. Washington
Brownsville, TX 78520
(956) 550-8373
(956) 550-8353 [Fax]

Attorneys for Plaintiff
ISAAC HILARIO GONZALEZ RUIZ

WP60\GONZALEZ.HILARIO\REQ4DISC&PRODUCTION          2

# EXHIBIT A
## REQUESTS FOR DISCLOSURE

1.    R.194.2(a).:

State the correct names of the parties to the lawsuit.


2.    R.194.2(b).:

State the name, address, and telephone number of any potential parties.


3.    R.194.2(c).:

State the legal theories and, in general, the factual bases for your claims or defenses.


4.    R.194.2(d).:

State the amount and any method of calculating economic damages.


5.    R.194.2(e).:

State the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.


6.    R.194.2(f).:

For any testifying expert, state:

1.    the expert's name, address, and telephone number;

2.    the subject matter on which the expert will testify;

3.    the general substance of the expert's mental impressions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control , documents reflecting such information;

4.      if the expert is retained by, employed by, or otherwise subject to your control:

A)      produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B)      produce the expert's current resume and bibliography.

7.   R.194.2(g).:

Produce any indemnity and insuring agreements as described in Rule 192.3(f).

8.   R.194.2(h).:

Produce any settlement agreements as described in Rule 192.3(g).

9.   R.194.2(i).:

Produce any witness statements as described in Rule 192.3(h).

10.   R.194.2(j).:

If this is a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, produce all medical records and bills that are reasonably related to the injuries or damages asserted.

11.   R.194.2(k).:

If this is a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, produce all medical records and bills obtained by you by virtue of an authorization furnished by Plaintiff.

# REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce all internal investigation notes, reports or memorandum conducted by Cameron County Employees or agents of Cameron County concerning the Plaintiff and/or the incident referred to in Plaintiff's Original Petition.

      RESPONSE:


2.    Produce all policies of the Defendant, Cameron County, Texas, Cameron County Jail System, including but not limited to medical treatment of prisoners, discipline of prisoners, dangerous prisoners, safety of prisoners, roll calls of prisoners, movement of prisoners with the Cameron County Jail system.

      RESPONSE:


3.    Produce the employment files of any jail guard that was disciplined, terminated or written up that was connected to or related to the Plaintiff and/or the incident referred to in Plaintiff's Original Petition.

      RESPONSE:


4.    Produce all notes, reports or memorandum involving any of the inmates of Cameron County Jail that were charged with assault or disciplined for action taken against the Plaintiff and/or involved or were witnesses to the incident referred to in Plaintiff's Original Petition.

      RESPONSE:

COPY

Citation for Personal Service  - GENERAL _____   Lit. Seq. # 5.002.01

No. 2001-04-002034-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CAMERON COUNTY, TEXAS
    BY SERVING:
    HONORABLE GILBERTO HINOJOSA,                    APR 3 0 2001
    COUNTY JUDGE
    855 E. HARRISON STREET
    BROWNSVILLE, TX
the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on APRIL 26, 2001  .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-04-002034-C.

The style of the case is:

ISAAC HILARIO GONZALEZ RUIZ
VS.
CAMERON COUNTY, TEXAS

Said petition was filed in said court by        HON. A. C. NELSON (Attorney for            PLAINTIFF            ), whose address is 3505 BOCA CHICA BLVD., STE 434 BROWNSVILLE, TX  78521             .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 26th day of   APRIL  , A.D. 2001.

# CIVIL DOCKET - JUDGE'S ENTRIES

### RULE 26 TRCP

RUN DATE 05/09/01
RUN TIME 2:56 PM

CASE NO. 2001-04-002034-C    PAGE: 01

| NAME OF PARTIES | CLERK'S ENTRIES — ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| ISAAC HILARIO GONZALEZ RUIZ<br><br>vs<br><br>CAMERON COUNTY, TEXAS | 00263601<br>HON. A. C. NELSON<br>3505 BOCA CHICA BLVD., STE 434<br>BROWNSVILLE, TX 78521 0000 | NEGLIGENCE/DAMAGES | Month 04   Day 26   Year 01 |

**DATE OF ORDERS — COURT'S DOCKET (Rule 26, TRCP)**

04/26/01 ORIGINAL PETITION FILED
04/26/01 CITATION: CAMERON COUNTY, TEXAS
04/26/01 SERVED: 04/30/01   FILED: 04/30/0?
04/26/01 PLAINTIFF'S REQUEST FOR DISCLOSURE AND
REQUEST FOR PRODUCTION
04/26/01 ...

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAAC HILARIO GONZALEZ          §
RUIZ                            §
                                §
vs.                             §        Civil Action Number_____
                                §
CAMERON COUNTY, TEXAS           §

## LIST OF ATTORNEYS

1.    Plaintiff's Attorney:

         A.C. Nelson
         3505 Boca Chica Blvd., Suite 434
         Brownsville, Texas 78521

2.    Defendant's Attorney:

         Richard O. Burst
         964 E. Harrison Street
         Brownsville, Texas 78520

3.    Of Counsel for Defendant:

         Dylbia L. Jefferies Vega
         964 E. Harrison Street
         Brownsville, Texas 78520

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____.

DELIVERED THIS 30 DAY OF April 2001
BY
PROFESSIONAL CIVIL PROCESS

FEES serving 1 copy

Total....... $_____          Sheriff/constable _____ County, TEXAS

Fees paid by:_____          By _____ Deputy