United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAAC HILARIO GONZELEZ RUIZ,　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Civil Action Number B-01-077
　　　　　　　　　　　　　　　　　　)
CAMERON COUNTY, TEXAS,　　　　　　)
　　　　Defendant.　　　　　　　　　　)

ANSWER

Cameron County, Texas, for its Answer shows the Court:

1.　　　　Defendant denies each and all of Plaintiff's allegations except to the extent expressly

admitted herein.

2.　　　　Defendant is without knowledge or information sufficient to form a belief as to the truth of

so much of Paragraph 1 that states "Plaintiff is an individual, residing in State of Texas."

Defendant admits the balance of Paragraph 1.3.

3.　　　　Defendant admits Paragraphs 2,

4.　　　　Paragraph 3 is a discovery statement which does not require an answer.

5.　　　　Defendant admits that its employees who were in any way connected with the alleged

occurrence were acting under color of law and on duty as jail guards or infirmary personnel.

Defendant denies the balance of Paragraph 4.

6　　　　.Defendant admits that he received notice of the alleged occurrence on November

17,1999.  Defendant denies that it had actual notice and denies the balance of Paragraph 5.

7.　　　　Defendant denies Paragraphs 6, 9, 10, 11, 12, 13, 14, 15, 16, 17 and the Prayer.

1

8.      In Paragraphs 7 through 15 Plaintiff realleges all the preceding averments; Defendant's responses to such realleged averments are the same as to the initial averment.

9.      With regard to Paragraph 7(a) Defendant: Admits that Plaintiff was being detained at the Cameron County Jail Detention Center as a federal prisoner for illegal reentry; was put in a cell with other prisoners; that two or more prisoners assaulted him and beat him; that Plaintiff was injured; and that he was taken from the general population cell to a holding cell; and that he received medical attention approximately twelve hours later.   Defendant is without knowledge or information sufficient to form a belief as to the truth concerning Plaintiff's tonsils or medication. Defendant denies the balance of Paragraph 7(a).

10.     With regard to Paragraph 7(b): Defendant admits that Plaintiff was taken to Brownsville Medical Center on May 25th, and was hospitalized for seven days.   Defendant is without knowledge or information sufficient to form a belief as to the truth concerning Plaintiff's specific injuries or medical treatment.   Defendant denies the balance of Paragraph 7(b).

11.     With regard to Paragraph 8: Defendant admits that after the fight was broken up Plaintiff was removed from a general population cell into the holding cell; that the holding cell in Detention No. 1 does not have windows and that it does not have an auditory security device, but it is within hearing of the control room; denies that there is no video surveillance; and denies the balance of Paragraph 8.

12.     Regarding Paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth concerning Plaintiff's specific injuries or medical treatment. Defendant denies that any injuries were a direct and proximate result of negligence of Defendant, denies that Defendant was negligent, and denies the balance of Paragraph 15.

2

CbbPDF - www.fastio.com

Any allegation made within any part of the Plaintiff's Complaint not otherwise specifically responded to is specifically or generally denied. Defendant still urges and relies on matters alleged without waving any other matter asserted herein further alleges as affirmative defenses the following:

13.     The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendant or others not named cannot be vicariously attributed to Cameron County, Texas.

14.     County at all times acted in a legislative capacity with respect to any actions it took in connection with the operations of the Cameron County Sheriff's Department and as such Defendant, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

15.     Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Cameron County.

16.     Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

17.     Plaintiff cannot recover directly or indirectly from this Defendant Cameron County because the Texas Tort Claims Act does not allow Plaintiff's claims and thus, County's sovereign immunity has not been waived.

18.     In the alternative, should it be determined that the Texas Tort Claims Act does apply to Plaintiff's claims, County invokes all defenses under the Texas Tort Claims Act, including, but not limited to, the statutory limit on damages, individual immunities, and non liable for intentional torts.

3

19.     County employees engaged in no conduct which would violate clearly established statutory or constitutional rights, and, therefore, are protected from individual liability under the doctrine of qualified immunity.

20.     At all times mentioned in the Complaint the individual County employees were acting in their official capacity.  Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.   Defendant is not liable because of the official immunity of its employees.

21.     Plaintiff cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiff's Original Petition.

22.     Plaintiff's claims occurring two years prior to the filing of Plaintiff's Original Petition  are barred by the Texas two year statute of limitations.

        WHEREFORE, having fully answered Plaintiff's Complaint, County prays Plaintiff take nothing thereby and that County recover its costs and attorney's fees, and  that County recover such other relief to which it may be entitled.

                        Respectfully submitted,

                        CIVIL LEGAL DEPARTMENT
                        COMMISSIONERS COURT
                        964 East Harrison Street
                        Brownsville, Texas  78520
                        Telephone: (956) 550-1345
                        Facsimile:  (956) 550-1348

                        BY:
                        Richard O. Burst

4

Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst, do hereby certify that on this 9th of May, 2001, a true and correct copy of the foregoing Answer has been mailed to:

A.C. Nelson
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521

Richard O. Burst

5