United States District Court
Southern District of Texas
FILED

SEP 28 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC HILARIO GONZALEZ RUIZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-077 |
| | § | |
| CAMERON COUNTY, TEXAS | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ISAAC HILARIO GONZALEZ RUIZ, files his First Amended Complaint and complains of CAMERON COUNTY, TEXAS, and for cause of action shows:

**STATEMENT OF CLAIM**

1. Plaintiff, ISAAC HILARIO GONZALEZ RUIZ brings this civil action against Defendant to redress the deprivation of rights and liberty interests secured him by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and for the deprivation of his civil rights under color of law in violation 42 U. S. C. §1983 and §1988. Plaintiff also seeks redress under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, Chapter 101, §§101.021 et. seq., for negligent implementation or carrying out of policy.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U. S. C. §§1331, 1332 and 1343(a)(3) and 42 U. S. C. §1983. The matter in controversy exceeds the sum of $50,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction

pursuant to 28 U. S. C. §1367 over Plaintiff's state law claims against Defendant. Venue is proper in this District pursuant to 28 U. S. C. §1391.

## PARTIES

3. Plaintiff, ISAAC HILARIO GONZALEZ RUIZ was residing in the State of Texas but now resides in Ciudad Mante, Tamaulipas, Mexico.

4. Defendant, CAMERON COUNTY, TEXAS is a Texas County under the laws of the State of Texas. The Defendant COUNTY was served and filed an Answer in the State Court action prior to removal to Federal Court and will be served with Plaintiff's First Amended Complaint by serving its Attorney-In-Charge, Richard O. Burst, as indicated in the Certificate of Service.

5. Prior to the filing of this lawsuit, and within six (6) months from the date of the occurrence described in this petition, Plaintiff presented notice of his claim to CAMERON COUNTY, TEXAS and all prerequisites required by law have been met prior to filing suit. In the alternative, the Defendant has had actual notice of Plaintiff's claim.

## FACTS

6. Plaintiff was being detained at the Cameron County Jail Detention Center, arrested by the Board Patrol for illegal re-entry.

7. On May 24, 1999, Plaintiff complained to the guard that he had problems with his tonsils and was supposed to take medication. The security guard came by and yelled out the Plaintiff's name but Plaintiff was asleep.

8. A jail guard told Plaintiff that next time they called out his name more than once and he did not respond, that he would be punished.

9. The Plaintiff was in a cell with other prisoners. Two or more of the prisoners assaulted him and violently beat him up hitting him up against the walls and floors of the Cameron County Jail.

10. Rather than being sent to the infirmary or for medical evaluation, Plaintiff was dragged into a room where he was left on the concrete floor injured for twelve (12) hours without medical attention.

11. Plaintiff received no medical attention for twelve (12) hours.

12. He was then taken to Brownsville Medical Center and was hospitalized from May 25, 1999 through June 2, 1999.

13. As a result of the assault and beating, Plaintiff received three cracked ribs, dislocated and broken bones, injury to his neck and cervical disks, injury to his lower back, he had a punctured lung that was pierced by one of the ribs along with the injury to his back did not allow him to walk normally.

14. Plaintiff's injuries were exacerbated and made worse by the lack of immediate medical evaluation and medical attention for an extended period of time while he laid on the concrete floor prior to being taken to Brownsville Medical Center.

15. On information and belief, there have been prior incidents of failure to protect prisoners against assaults and failure to provide medical care to detainees of the same or similar nature as described above by Defendant's jail officers, guards and medical staff, which was within the actual or constructive knowledge of the Defendant County, and/or its Sheriff or other supervisory officials.

16. At all times relevant hereto, the jail officers, guards and medical staff on duty at the time of this incident, were officers of the Sheriff's Department of the Cameron County, Texas and at all times herein mentioned were acting in such capacity as the agents, servants, and employees of the Defendant and its Sheriff's Department.

17. At all time relevant hereto, the Defendant and its Sheriff's Department employed the jail officers, guards and medical staff on duty at the time of this incident.

18. At all times herein mentioned, the Defendant County, Texas through its Sheriff and other supervisory officials, was responsible for training, supervision, hiring and conduct of the Defendant's jail officers, guards and medical staff and for ensuring that said officers, guards and staff obey the laws of the State of Texas and the United States and the rules, regulations and procedures of the County and the Sheriff's Department.

19. At all times relevant hereto and in all their actions described herein Defendant and Defendant's jail officers, guards, medical staff, Sheriff and supervisory officers were acting under color of law and pursuant to their authority as law enforcement officers and officials.

20. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff suffered from the serious injuries, was forced to suffer physical pain and mental cruelty, was deprived of his physical liberty, suffered severe emotional distress, physical humiliation and embarrassment, and was forced to incur medical and legal expenses.

21. The Defendant, through jail guards, officers, medical staff, Sheriff and/or supervisory officials, acted with actual malice toward Plaintiff and/or with conscious indifference to and deliberate disregard for the constitutional rights and liberties of Plaintiff.

The actions of Defendant constitute an unlawful deprivation of the right to be free from violent attacks and assaults by fellow inmates amounting to cruel and unusual punishment, right not to be deprived of medical care and treatment for serious medical needs as a pretrial detainee, and deprivation without due process of law of the liberty interests in being free from unjustified intrusion upon personal security and bodily integrity and from intentional assaultive behavior, in violation of the Fifth, Eighth and Fourteenth Amendments of the U. S. Constitution.

22. Upon information and belief, at all times pertinent hereto Defendant County also permitted and tolerated a pattern and practice of not adequately protecting prisoners from assault by fellow inmates and not providing adequate medical care and treatment for detainees by its jail officers, guards, medical staff, Sheriff and/or supervisory officials.

23. Upon information and belief, Defendant County has maintained a system of review of misconduct and implementation of policy with respect to violence by inmates and providing medical care to detainees which is so ineffective as to permit and tolerate the practices and pattern described above.

24. The acts, omissions, systemic flaws, policies, and customs of the Defendant County caused jail officers, guards and medical staff to believe that the unlawful assaults against inmates and unlawful deprivation of medical care and treatment would not be uncovered and properly pursued, with the foreseeable result that officers are more likely to unlawfully allow such violations against Plaintiff and others in the future.

## CONSTITUTIONAL VIOLATIONS

25. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. The failure to protect Plaintiff from the violent beating and assault against him by fellow inmates and the failure to provide medical care and treatment for Plaintiff's serious medical needs while in Defendant's custody, control and detention violated the rights of Plaintiff as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution as described above and for which Plaintiff is entitled to compensatory damages.

## 42 U. S. C. §1983 CLAIM

27. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 26.

28. The deprivation of the Plaintiff's constitutional rights and liberty interests as described herein was the further result of a policy, custom and/or practice of the Defendant County, through its Sheriff and other supervisory officials, who possess supervisory and policy making authority under the laws of the State of Texas, in that the County knowingly, allowed, failed to act, take corrective action or implement policy and appropriate procedures to prevent and protect pre-trial detainees from assaults by fellow inmates and from deprivation of medical care and treatment by Defendant's jail guards, officers and medical staff. On further information and belief, the Defendant County, by and through its Sheriff and supervisory officials, allowed, authorized, tolerated or ratified the misconduct as hereinbefore detailed in the following, but not necessarily limited to, respects:

A. Failure to protect pre-trial detainees against violent beatings and assaults by fellow inmates.

B. Failure to provide medical care or adequate medical care for the serious medical needs of prisoners and detainees.

C. Failing to properly discipline, restrict and control jail officers, guards and medical staff for failing to protect detainees against beatings and assaults by fellow inmates and failing to provide adequate medical care to inmates.

D. Negligent hiring or failing to take adequate precautions in hiring, promotion and retention of qualified and competent jail guards, officers and medical staff.

E. Failing to adequately or properly train police officers on preventing assaults against inmates by fellow inmates and/or on providing adequate medical care to inmates.

F. Failing to properly and diligently investigate reports and complaints regarding assaults against inmates by fellow inmates and/or failure to provide medical care to inmates by County jail officers, guards and medical staff, which was so widespread and persistent that it was within the actual or constructive knowledge of the County officials and represents county policy.

G. Permitting or tolerating a pattern and practice of unlawful assaults against inmates by fellow inmates and/or unlawfully depriving inmates of medical care or adequate medical care.

H. Failing to enforce and ensure that the jail guards, officers and medical staff did not violate the rules, regulations and procedures of the County and/or the Sheriff's department preventing assaults by fellow inmates and/or on providing adequate medical care to inmates.

I. Failing to prevent the use of inmates by jail guards and officers to discipline other inmates.

J. Failure to implement prisoner's disciplinary policy or policies.

29. The above described acts or omissions by Defendant and its agents, officers, and servants were done with actual malice towards Plaintiff or with conscious and/or

deliberate indifference to and disregard of Plaintiff's constitutional rights and liberty interests.

30. As a result of the above, Plaintiff has incurred and continues to incur medical expenses, and the Plaintiff has suffered deprivation of his constitutional rights and liberty interests, emotional distress, humiliation and embarrassment, great physical pain and mental anguish, and continues to suffer physical pain and mental anguish, to Plaintiff's damage for which he sues the Defendant County.

## TEXAS TORT CLAIMS ACT

31. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32. The occurrence and incident described above is a direct and proximate result of the negligent implementation of policy by the Defendant County, through its Sheriff's department and law enforcement agents and officers, with respect, but not necessarily limited to, the following particulars:

    A.    Providing a safe jail for inmates.

    B.    Protecting inmates against violent beatings and assaults by other inmates.

    C.    Use of and/or encouragement of inmates by jail guards and officers to discipline other inmates.

    D.    Application of prisoner disciplinary rules and policies.

    E.    Use of video and audio equipment or other security devises to monitor activity, assaults, behavior and/or medical condition and needs of inmates.

    F.    Providing medical care or adequate medical care to detainees.

G. Monitoring and identifying the medical needs of inmates at the time of incarceration and and during the inmates period of incarceration.

H. Responding to the serious medical needs of inmates suffering violent beatings or assaults while in custody and detention at Defendant's jail.

I. Hiring, training, supervision and promotion of jail officers, guards and medical staff.

J. Preventing retaliation by inmates against other inmates.

K. Checking, inspecting and monitoring jail cells and prisoners.

33. As the direct and proximate result of negligence of the Defendant described above, Plaintiff has suffered severe, painful, and permanent injuries. Plaintiff has undergone surgery and has incurred substantial, reasonable and necessary doctor, hospital and medical expenses and in reasonable medical probability will incur substantial doctor, hospital and medical expenses in the future. Plaintiff has suffered severe physical impairment and loss of earning capacity, and will continue to do so in the future. Plaintiff has sustained mental pain and anguish in the past and will continue to suffer in this respect for the balance of his life. Plaintiff has been damaged in all these respects far in excess of the minimum jurisdictional limits of the Court.

34. CAMERON COUNTY, TEXAS by and through its employees, agents, servants and officers had actual, subjective awareness of the above-described acts, conduct and omissions and were actual aware of or should have been award of the injuries and damages suffered by the Plaintiff, but acted with conscious indifference to his rights, safety and general welfare and for the same reason the Defendant County was grossly negligence for which punitive damages should be awarded to Plaintiff.

## ATTORNEY'S FEES AND EXPENSES

35. Plaintiff has incurred and request attorney's fees, expenses and costs pursuant to 42 U. S. C. §1988.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter judgment against Defendants and award the following:

1. Judgment against Defendant for Plaintiff's compensatory and actual damages in the sum of at least Two Hundred Fifty Thousand Dollars ($250,000.00), or such amounts as may be determined by the trier of fact as being fair and proper.

2. Exemplary damages in the amount of at least Five Hundred Thousand Dollars ($500,000.00), or such amounts as may be determined by the trier of fact as being fair and proper.

3. Pre-judgment and post-judgment interest at the rate of ten percent (10%) per annum or the maximum allowable by law;

4. Costs of suit;

5. Reasonable attorney's fees and expenses; and,

6. Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

_____
A. C. Nelson
Fed. I.D. No 3839
State Bar No. 14885600
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521
(956) 541-3601
(956) 541-1488 [Fax]
ATTORNEY IN CHARGE FOR PLAINTIFF

James E. Belton
State Bar No. 02111500
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521
(956) 544-1082
(956) 541-1488 [Fax]

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2001, a true and correct copy of the above **Plaintiff's First Amended Complaint** was served by Via Certified Mail, RRR, to the Attorney for Defendant, Richard O. Burst, Civil Legal Dept., Commissioner's Court, 964 E. Harrison Street, Brownsville, Texas 78520.

_____
A. C. Nelson