COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISAAC HILARIO GONZELEZ RUIZ, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number B-01-077 |
| ) | |
| CAMERON COUNTY, TEXAS, ) | |
| Defendant. ) | |

ANSWER
TO
FIRST AMENDED COMPLAINT

Cameron County, Texas, for its Answer shows the Court:

1. Defendant denies each and all of Plaintiff's allegations except to the extent expressly admitted herein.

2. Defendant admits Paragraph 1 to the extent that it declares that Plaintiff is seeking relief as therein stated. Defendant denies Paragraph 1 to the extent that it contains substantive allegations.

3. Defendant admits this Court has jurisdiction under 28 U.S.C. Sec. 1343 and supplemental jurisdiction over the state causes of action under 28 U.S.C. Sect. 1367. Defendant admits venue.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

5. Defendant admits Paragraphs 4, 6, and 9.

6. .Defendant admits that he received notice of the alleged occurrence on November 17, 1999. Defendant denies that it had actual notice and denies the balance of Paragraph 5.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of

1

so much of Paragraph 7 which states that: "On May 24, 1999, Plaintiff complained to the guard that he had problems with his tonsils and was supposed to take medication. Defendant denies the balance of Paragraph 7.

8. Defendant admits that its employees who were in any way connected with the alleged occurrence were acting under color of law and on duty as jail guards or infirmary personnel, and that except for the doctors, the jail guards and infirmary staff were employed with Cameron County. Defendant denies the balance of Paragraphs 16, 17 and 19.

9. Defendant denies Paragraphs, 8, 14, 15, 20, 21, 22, 23, 24, 26, 28 (including subparagraphs A through J), 29, 30, 32, (including subparagraphs A through K), 33, 34, 35, and the Prayer.

10. Defendant answers Paragraph 18, that it does not allege facts capable of being admitted or denied. Paragraph 18 sets out legal duties, but does not accurately do so. Defendant agrees that Cameron County cannot be deliberately indifferent to the training and hiring of its employees and denies that it was deliberately indifferent to the training and hiring of its employees..

11. Defendant admits so much of Paragraphs 10 and 11, that he was taken from the general population cell to a holding cell; and that he received medical attention approximately twelve hours later. Defendant denies the balance of Paragraph 10.

12. Defendant admits so much of Paragraph 12, that Plaintiff was taken to Brownsville Medical Center on May 25th, and was hospitalized for seven days.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth concerning Plaintiff's specific injuries or medical treatment as set out in Paragraph 13.

14. In Paragraph 25 Plaintiff realleges all the preceding averments; Defendant's responses to

2

such realleged averments are the same as to the initial averment.

15. In Paragraph 27 Plaintiff realleges all the preceding averments; Defendant's responses to such realleged averments are the same as to the initial averment.

16. In Paragraph 31 Plaintiff realleges all the preceding averments; Defendant's responses to such realleged averments are the same as to the initial averment.

17. Any allegation made within any part of the Plaintiff's Complaint not otherwise specifically responded to is specifically or generally denied. Defendant still urges and relies on matters alleged without waving any other matter asserted herein further alleges as affirmative defenses the following:

18. The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendant or others not named cannot be vicariously attributed to Cameron County, Texas.

19. County at all times acted in a legislative capacity with respect to any actions it took in connection with the operations of the Cameron County Sheriff's Department and as such Defendant, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

20. Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Cameron County.

21. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

22. Plaintiff cannot recover directly or indirectly from this Defendant Cameron County because the Texas Tort Claims Act does not allow Plaintiff's claims and thus, County's sovereign

immunity has not been waived.

23. In the alternative, should it be determined that the Texas Tort Claims Act does apply to Plaintiff's claims, County invokes all defenses under the Texas Tort Claims Act, including, but not limited to, the statutory limit on damages, individual immunities, and non liable for intentional torts.

24. County employees engaged in no conduct which would violate clearly established statutory or constitutional rights, and, therefore, are protected from individual liability under the doctrine of qualified immunity.

25. At all times mentioned in the Complaint the individual County employees were acting in their official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority. Defendant is not liable because of the official immunity of its employees.

26. Plaintiff cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiff's First Amended Original Petition.

27. Plaintiff's claims occurring two years prior to the filing of Plaintiff's Original Petition are barred by the Texas two year statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, County prays Plaintiff take nothing thereby and that County recover its costs and attorney's fees, and that County recover such other relief to which it may be entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas  78520
Telephone: (956) 550-1345
Facsimile:   (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst, do hereby certify that on this 12st of October, 2001, a true and correct copy of the foregoing Answer has been mailed to:

A.C. Nelson
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78521

_____
Richard O. Burst

5